UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SCOTT JOHNSON,

    Plaintiff,

    v.

ETHAN CONRAD, et al.,

    Defendants.

No. 2:14-cv-00596-MCE-EFB

**MEMORANDUM AND ORDER**

Plaintiff Scott Johnson ("Plaintiff") initiated this action against Defendants Ethan Conrad and America's Party Rental, Inc., (collectively "Defendants") seeking damages and injunctive relief for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq.; California's Unruh Civil Rights Act, California Civil Code §§ 51-53; California's Disabled Persons Act, California Civil Code §§ 54-54.8; and for negligence. Presently before the Court is Defendants' Motion to Dismiss for lack of subject matter jurisdiction (ECF No. 14). For the following reasons, the Motion is DENIED.[1]

///

///

---

[1] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local R. 230(g); see also ECF No. 18.

1

# BACKGROUND[2]

Plaintiff is a quadriplegic who cannot walk and has significant dexterity impairments. He uses a wheelchair for mobility and has a specially equipped van. Together, Defendants own and/or lease the property on which an American Party Rentals building is located.[3] American Party Rentals is a business establishment and place of public accommodation.

Plaintiff avers that he has frequented American Party Rentals in the past and encountered barriers to access that deterred him from further attempts at patronage. More specifically, although parking is provided to American Party Rentals patrons, no functioning and compliant handicap parking space is available. According to Plaintiff, on information and belief, Defendants have a pattern and practice of neglecting the maintenance upkeep of the parking lot such that the handicap parking that once existed has faded into oblivion. As a result, Plaintiff initiated this action alleging violations of state and federal law.[4]

Defendants now move to dismiss Plaintiff's ADA claim on the grounds that the purported barriers allegedly have been modified so that the parking lot now complies with federal law. In support, Defendants offer the declaration of Ethan Conrad, the owner of the American Party Rentals property and CEO of Ethan Conrad Properties, Inc. Decl. of Ethan Conrad, ECF No. 14-3 ¶ 1. According to Mr. Conrad, who has been a commercial real estate broker and principal since 1989, and who is "one of the most active and respected commercial real estate landlords in the Greater Sacramento Area,"

---

[2] Unless otherwise indicated, the following facts are taken, at times verbatim, from Plaintiff's Complaint. ECF No. 1.

[3] American Party Rentals is located in North Highlands, California, which is within the jurisdiction of the Eastern District of California.

[4] In his Complaint, Plaintiff also challenges the door hardware. ECF No. 1 ¶ 11. In his Opposition, however, Plaintiff concedes that his ADA claim on that basis is moot because Defendants have brought the door into compliance. ECF No. 15 at 9 n.1. Accordingly, to the extent Defendants' Motion is directed at those allegations, it is GRANTED.

his in-house construction company, Ethan Conrad Construction, made numerous improvements at the American Party Rentals site to bring it into compliance with the ADA. Id. ¶¶ 4-7.[5] Among other things, Mr. Conrad opined that his construction company "altered the handicap parking space and access aisle by shifting them left to ensure compliance with ADA regulations." Id. ¶ 7.[6]

Since the only remedy sought under the ADA is an injunction, and since, given their remedial efforts Defendants contend there is no likelihood of future harm, Defendants ask that the ADA claim be dismissed, essentially as moot, and that the Court decline to exercise supplemental jurisdiction over Plaintiffs' state law claims. Plaintiff contends dismissal of the ADA claim would be improper because, among other things, the jurisdictional question is intertwined with the merits and should not be resolved at this early juncture and because Defendants have not established the violations have been remedied such that the ADA claim is moot. Defendants' Motion is DENIED.

## STANDARD

Federal courts are courts of limited jurisdiction, and are presumptively without jurisdiction over civil actions. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). The burden of establishing the contrary rests upon the party asserting jurisdiction. Id. Because subject matter jurisdiction involves a court's power to hear a case, it can never be forfeited or waived. United States v. Cotton, 535 U.S. 625, 630 (2002). Accordingly, lack of subject matter jurisdiction may be raised by either party at any point during the litigation, through a motion to dismiss pursuant to Federal Rule of

---

[5] Defendants also attached a declaration from Andrew Schueler, a superintendent at Ethan Conrad Construction, who was purportedly tasked with bringing the property into compliance. Decl. of Andrew Schueler, ECF No. 14-2 ¶¶ 1-3. Mr. Schueler indicates that he recorded measurements relevant to the compliance of the parking lot and that he photographed the property as well. Id. ¶¶ 4-5. However, none of the evidence to which he refers was submitted to the Court. To the extent Defendants may be referring to exhibits attached to an earlier declaration submitted with a prior Motion to Dismiss, see ECF No. 11, that Motion was withdrawn, see ECF No. 13, and those exhibits have not been considered.

[6] Like Mr. Schueler, Mr. Conrad references exhibits that were not submitted to the Court.

1  Civil Procedure 12(b)(1).  Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006); see also Int'l
2  Union of Operating Eng'rs v. County of Plumas, 559 F.3d 1041, 1043-44 (9th Cir. 2009).
3       There are two types of motions to dismiss for lack of subject matter jurisdiction: a
4  facial attack and a factual attack.  Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp.,
5  594 F.2d 730, 733 (9th Cir. 1979).  Thus, a party may either make an attack on the
6  allegations of jurisdiction contained in the nonmoving party's complaint, or may
7  challenge the existence of subject matter jurisdiction in fact, despite the formal
8  sufficiency of the pleadings.  Id.
9       When a party makes a facial attack on a complaint, the attack is unaccompanied
10  by supporting evidence, and it challenges jurisdiction based solely on the pleadings.
11  Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  If the motion to
12  dismiss constitutes a facial attack, the Court must consider the factual allegations of the
13  complaint to be true, and determine whether they establish subject matter jurisdiction.
14  Savage v. Glendale High Union Sch. Dist. No. 205, 343 F.3d 1036, 1039 n.1 (9th Cir.
15  2003).  In the case of a facial attack, the motion to dismiss is granted only if the
16  nonmoving party fails to allege an element necessary for subject matter jurisdiction.
17  Safe Air for Everyone, 373 F.3d at 1039.
18       In the case of a factual attack, "no presumptive truthfulness attaches to plaintiff's
19  allegations." Thornhill, 594 F.2d at 733 (internal citation omitted).  The party opposing
20  the motion has the burden of proving that subject matter jurisdiction does exist, and must
21  present any necessary evidence to satisfy this burden.  St. Clair v. City of Chico,
22  880 F.2d 199, 201 (9th Cir. 1989).  If the plaintiff's allegations of jurisdictional facts are
23  challenged by the adversary in the appropriate manner, the plaintiff cannot rest on the
24  mere assertion that factual issues may exist.  Trentacosta v. Frontier Pac. Aircraft Ind.,
25  Inc., 813 F.2d 1553, 1558 (9th Cir. 1987) (quoting Exch. Nat'l Bank of Chicago v.
26  Touche Ross & Co., 544 F.2d 1126, 1131 (2d Cir. 1976)).  Furthermore, the district court
27  may review any evidence necessary, including affidavits and testimony, in order to
28  determine whether subject matter jurisdiction exists.  McCarthy v. United States,

850 F.2d 558, 560 (9th Cir. 1988); Thornhill, 594 F.2d at 733.  If the nonmoving party fails to meet its burden and the court determines that it lacks subject matter jurisdiction, the court must dismiss the action.  Fed. R. Civ. P. 12(h)(3).

However, "jurisdictional finding of genuinely disputed facts is inappropriate when the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits of an action." Safe Air for Everyone, 373 F.3d at 1039 (internal citations and quotations omitted).  "The question of jurisdiction and the merits of an action are intertwined where a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief." Id. at 1039-40 (internal citations and quotations omitted).

"A court may not resolve genuinely disputed facts where 'the question of jurisdiction is dependent on the resolution of factual issues going to the merits.'" Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987) (quoting Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983)).  "In such a case, the district court assumes the truth of allegations in a complaint . . . unless controverted by undisputed facts in the record." Id.  "Dismissal is then appropriate where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. (internal quotations and citations omitted).  "This standard, often cited in Rule 12(b)(6) motions, . . . is equally applicable in motions challenging subject matter jurisdiction when such jurisdiction may be contingent upon factual matters in dispute." Id.  If, after this threshold inquiry, subject matter jurisdiction is not precluded, the Court may entertain arguments "on either a motion going to the merits [,i.e., a summary judgment motion,] or at trial." Id. at 1178.

///
///
///
///

## ANALYSIS

Defendants contend dismissal is warranted because they have remedied the barriers that provide the basis for Plaintiff's request for injunctive relief under the ADA and, consequently, for this Court's federal question jurisdiction.  Plaintiff opposes the Motion, arguing that Defendants' jurisdictional challenge is inappropriate as a Rule 12(b)(1) motion and that Defendants have not established either that the parking lot has been made compliant or that the violations will not recur.  Plaintiff's arguments are well taken.

The question of whether Defendants' facilities comply with the ADA goes to the heart of Plaintiff's federal claim.  Because the jurisdictional inquiry and the merits are fundamentally intertwined, review of Defendants' Motion under the typical Rule 12(b)(1) standard applicable to factual motions would not be proper.  Instead, the Court assumes the facts alleged in the Complaint are true unless contradicted by any undisputed facts in the record.  In this instance, the Court finds that it has subject matter jurisdiction to reach the merits of Plaintiff's claim because Defendants failed to offer any "facts" contradicting Plaintiff's allegations and, even if they had, the Court would be required to treat the instant motion as one for summary judgment, which it views as premature.

Most importantly here, there are no undisputed facts contradicting the allegations in Plaintiff's Complaint properly before the Court.  Instead, Defendants offer only conclusory opinions from lay witnesses that, for example, the handicap parking space and access aisle have been "altered" to "ensure compliance with ADA regulations."  ECF No. 14-3 ¶ 7.  These conclusions are not supported by any objective evidence from which the Court may make its own determination that Defendants' expert is correct and that Plaintiff's ADA claim is moot as a result.  Accordingly, as it would in considering a facial attack, the Court has considered the Complaint in its entirety and finds subject matter jurisdiction sufficient to allow the Court to reach the merits of this dispute.

///

Even if Defendants had offered some facts to support their position, however, the Court would be disinclined to grant their Motion at this early stage in the litigation. "In ruling on a jurisdictional motion involving factual issues which also go to the merits, the trial court should employ the standard applicable to a motion for summary judgment . . . ." Augustine, 704 F.2d at 1077. Converting the instant Motion to one for summary judgment would be premature because Plaintiff has not yet had the opportunity to engage in discovery and thus has not had the opportunity to develop the evidence he may need to rebut Defendants' "facts." Accordingly, Defendants' Motion to Dismiss for lack of jurisdiction is DENIED without prejudice to raising this argument in a properly noticed and appropriately timed motion for summary judgment.[7]

**CONCLUSION**

For the reasons just stated, Defendants' Motion to Dismiss (ECF No. 14) is GRANTED in part and DENIED without prejudice in part consistent with the foregoing.

IT IS SO ORDERED.

Dated: November 24, 2014

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[7] To the extent Defendants ask that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims, that argument is derivative of their mootness argument and is thus similarly rejected.

7